United States District Court
Western District of Michigan
Southern Division

FILED - GR
June 12, 2026 11:59 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: AR    6.62

Albert L. Perry IV, #464868,
      Plaintiff,

Case No _____

Jury Trial Demand

V.

Kalamazoo County Sheriffs Office & Department,
Nurses Becky, Shelly, Karley, Betsy, Pratt and
John and Jane Doe Defendants in their official
and individual capacity ((See Attachment))

      Defendants.

**1:26-cv-1846**
**Phillip J. Green**
**U.S. Magistrate Judge**

---

## Verified Civil Rights Complaint Pursuant to Title 42, U.S.C. § 1983

There is no other civil actions between the parties arising out of the same transaction or occurence alleged in this complaint

COMES NOW plaintiff Albert L. Perry IV ("Plaintiff"), pursuant to Title 42, U.S.C. § 1983, seeking redress for the unconstitutional conduct of the Above-named defendants, and in support therefor states:

## I. Verification

1. Plaintiff, being of sound mind and majority age, hereby states and depose under oath hallowed and the penalty of perjury, Title 28. U.S.C. § 1746 (2), that the allegations

-1-

forming the basis of this complaint are true and correct based upon Plaintiff's direct and personal knowledge of and involvement in the matters stated herein, and ~~that~~ Plaintiff is competent to testify to same;

## II. Number of previously-filed civil actions

2. Plaintiff has filed zero (Ø) previous civil actions:

## III. Jurisdiction and Venue

3. Plaintiff herein alleges ~~that the conduct~~ of the named defendants contravened the Eighth and Fourteenth Amendments to the U.S. Constitution;

4. The United States District Court for the Western District of Michigan is vested with subject matter jurisdiction over this case pursuant to Title 28, U.S.C. §§ 1331 and 1367;

5. Venue is proper in the Southern Division of the United States District Court(s) for the ~~Eastern~~ Western District of Michigan pursuant to Title 28, U.S.C. § 1331 and E.D. Mich. L.C.R. 83.10 (d) insofar as the events forming the basis of the instant complaint occured during Plaintiffs interactions with the named defendants while situated at the Kalamazoo County Jail (KCSO), located in the city of Kalamazoo, in the County

Kalamazoo, In the State of Michigan;

## IV. Short and Plain Statement of the Case

6. Pursuant to Fed.R.Civ.P. 8(a), Plaintiff is required to include a short and plain statement of the case:

The named defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments through their deliberate indifference to a substantial risk of serious harm to Plaintiff by failing to follow established protocol regarding the providing Adequate Health Care and Medical Assessment by Denying Adequate Medical and Assessment to Plaintiff, who was Assaulted causing serious injuries, impairments and disfigurations.

## V. General Allegations

7. At all times relevant to the events forming the basis of the instant complaint, Plaintiff was a Pretrial detainee in Kalamazoo County Jail awaiting trial.

8. At All times relevant to the events forming the basis of this complaint, Kalamazoo County Sheriffs Department (Defendant) was the Sole Party and Organization liable, providing Medical Contracts within the State of Michigan to provide Medical care for Michigan Inmate/Prisoners;

9. At all times relevant to the events forming the basis of this complaint, defendants Becky, Shelly, McKenzie Karley, Betsy were allegedly licensed practical Nurses employed by defendant Kalamazoo County Sheriffs Office & Department as well were all John and Jane Doe defendants;

10. Plaintiff is to be held in custody of Kalamazoo County Jail and provided any Adequate Health Care, Mental Health Services and Urgent Care.

11. On September 9th, 2025, Plaintiff was Assaulted Causing Serious injuries, impairments and disfigurations by Several Kalamazoo County Sheriffs office Deputies.

12. Plaintiff was beat in the skull, face and Body with dangerous weapon causing Deep lacerations to forehead, Cuts to eyes and trauma to head with concussion.

13. Nurses were aware for over 3 hours and Denied any Medical while on shift for 8 hours Beknowest of injuries and urgent need of Health Care.

-4-

14. Nurses Becky, Shelly, McKenzie, Betsy, and Karley repeatedly made rounds in Kalamazoo County Jail assisting other inmates non urgent issues, and making mockery of needs.

15. Nurse Betsy came to Assess injuries after neglecting to for over 3 hours and refused to clean wounds, clean blood and exposure of injuries to infections and bug infestation in holding cell.

16. Nurse Becky said that my injuries were not as serious as they appear w/out proper assessment using medical tools pursuant to protocol.

17. No Medical provided Plaintiff with pain medicine for pains, Migranes, nor observation for concusion and traumas.

18. Nurse Becky, ordered for nurses to not give ok for outside Hospital Care or medical Care.

19. While still bleeding Nurses witnessed Plaintiff being made administered Emergency Restraint Chair w/o hourly assessment for over 9 hours, in violation of policy, not to exceed 2 hours.

—5—

## VI. Count I -- Deliberate indifference to the Substantial Risk of serious harm to Plaintiff

Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

The Eighth Amendment prohibits prison/Jail officials from being deliberately indifferent to a Substantial risk of serious harm to a prisoners health;

The established protocol with respect to Plaintiff's private rights mandates prisoners to receive Adequate & Urgent Health Care and Mental Health Services. Since prisoners cannot obtain their own medical services, the Constitution requires prison/institution authorities to provide them with "reasonably adequate" medical care.

Courts have define "adequate medical services as services at a level reasonably commensurate with modern medical science and of a quality acceptable w/in prudent professional standards, and as a level of health services reasonably designed to meet routine and emergency medical, dental, and psychological or psychiatric care";

Defendants Nurses Becky, Shelly, M°kenzie, Betsy Karley and All John and Jane Doe medical/employee defendants that worked from Sept. 9, 2025 through Dec. 11, 2025 failed to Carry out Duty for special skill and Care to Provide Plaintiff

the required and mandated HealthCare needed in retaliation to grievances, reports filed against medical and Kalamazoo County Sheriffs office & Department;

Defendants Nurses Becky, Shelly, McKenzie, Karley Betsy and every unknown John and Jane Doe Defendant who had knowledge and qualified between sept. 9, 2025 and Dec. 11, 2025 failed to alert Officials of Jail, Dr. Hunt and Deputies of risk of harms, protocols, proceedures for observation of Head Trauma, pains, infections ect...;

But for the defendants' individual and collective Malicious failures to adhere to established protocol, Plaintiffs' injuries would've gone treated, disfigurations would not have occured, pains would have gone by treatment of professions qualified on the date of Assault by Kalamazoo County Sheriffs office Deputies.

As trained medical professionals, defendants Becky Shelly, McKenzie, Betsy, Karley and each of John and Jane Doe defendants involved knew or should have known that dileberate indifference to established Protocol carried a substuntial risk of serious harm;

Accordingly, Plaintiff hereby asserts a claim of diliberate indifference and reckless disregard under the Eighth Amendment against defendants Nurses Becky, Shelly, McKenzie, Betsy and Karley and All unknown John and Jane Doe defendants who were present and worked between Sept 9, 2025 and Dec. 11, 2025;

VII  Count II --- Deliberate indifference to the substantial risk of serious harm to Plaintiff

Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

Under clearly established Law, deliberate indifference to a substantial risk of serious harm is the equivalent of recklessly disregarding the risk;

Pursuant to the established protocol for Adequate & Urgent Medical Care, Medical staff must provide for the inmates/prisoners of the faculty for incurring and occuring injuries, making sure the prisoner health and well being is Adequately treated, Also informing Jail/Prison officials and outside providers with accurate Medical reports of serious injuries;

Defendants Becky, Shelly, Betsy, McKenzie, Karley and All John and Jane Doe Defendants employed by Kalamazoo County Sheriffs Office and Department were deliberately indifference to the significant risk of serious harm to Plaintiff when they recklessly disregarded the established protocol, Plaintiffs Injuries to Head, Eyes and Body and Direct cause

to Plaintiffs disfigurations, trauma, pains physically, Mentally and Emotionally by reckless disregard;

As trained medical professionals, Defendants Becky Shelly, McKenzie, Karley, Betsy knew or should have known that failure to provide the mandated Adequate medical at best created a substantial risk of Plaintiff Injuries, impairments, disfigurations, pains and Tortures

Accordingly, Plaintiff hereby asserts a second claim of deliberate indifference and reckless disregard under the Eighth Amendment against Defendant(s) Shelly, Becky, Betsy, McKenzie, Karley;

## VIII Count III -- violation of Plaintiffs right to bodily integrity

Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

Plaintiffs right to Bodily integrity is guaranteed under the ~~l~~ ; substantive due process clause of the Fourteenth Amendment;

Defendant Betsy unconstitutionally invaded Plaintiffs Interest in the integrity of his body by ignoring his obvious serious head injuries that were in need of Urgent outside Medical care, Betsy knew or should have known that Plaintiffs injuries going without care to his Body represents a substantial interference with his liberty interests and right to bodily integrity;

Accordingly, Plaintiff hereby asserts a claim of Invasion of the integrity of his body through the Denial of Adequate and Urgent Medical Care under the Fourteenth Amendment;

## IX. Count IV -- Failure to properly train and Supervise

Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

The failure of Defendant John and Jane Doe of Kalamazoo County Sheriffs Office & Department to properly train and supervise its employees at the Kalamazoo County Jail with respect to the mandatory providing of Adequate and Urgent HealthCare and failure to Consistently enforce the established protocols with respect to same created a substanstial risk of serious harm to Plaintiff;

As A Gov. Charter of institution charged with Medical Liabilities and providing contracts for professional Health management defendant John Doe or Jane Doe of Kalamazoo County Sheriff Department knew or should have known of the systematic failure of its staff at KCJ to follow established protocol with respect to the management and providing Adequate & Urgent Needed care by taking effective steps to rectify same;

Accordingly, Plaintiff hereby asserts a claim of deliberate indifference for failure to train and supervise its employees under the Eighth Amendment.

## X. Relief Requested

Wherefore, Plaintiff Albert L. Perry IV demands the following in terms of relief, jointly and severally against all defendants for the violations of the rights as set forth herein:

a. A decleration that the defendant(s) violated the Federal rights of Plaintiff;

b. Whatever amount the jury may determine for compensatory damages for the past, present, and future physical, mental and emotional injuries and disfigurations suffered by Plaintiff by reason of the defendants' unlawful, malicious and unconstitutional conduct, in an amount that is fair and just, and reasonable in conformity with the evidence;

c. Punitive and exemplary damages against the individual defendants to the extent allowable by law;

d. Attorney Fees, as allowed pursuant to 42 U.S.C. § 1988;

e. All cost, interest, and disbursements of this action, and;

f. Such other and further legal and/or equitable relief as appears just and proper.

Respectfully Submitted

Albert Perry

Albert L. Perry II, #464868
Parnell Correctional Facility
Parnell Road
Jackson, Michigan 49201

Albert L. Perry IV #464868
Ionia Bellamy Creek        1-219.seg
1727 W. Blue Water Highway
Ionia, Mich. 48846



FIRST-CLASS
US POSTAGE BY PITNEY BOWES
ZIP 48846  $ 003.28⁰
02 7W
0008038260 JUN 09. 2026

United States of America
Supreme Courts State of Michigan
Western District
110 Michigan St. N.W
Grand Rapids, MI 49503